## 31407. BOLDEN v. THE STATE.

HALL, Justice.

This is Bolden's appeal from his conviction and life sentence for murder. After considering the record and the briefs and hearing oral argument we conclude that the enumerations of error are without merit.

Bolden was represented at trial by Mr. Tarver, but by a different attorney on his new trial motion. Contrary to Bolden's assertions here, the evidence taken at the new trial motion showed that the trial court's refusal of the jury's request to hear again the testimony of a key defense witness was made pursuant to the request of Mr. Tarver, Bolden's trial counsel, that this testimony not be repeated. Similarly, the allegations of the ineffectiveness of Mr. Tarver's representation are refuted by Tarver's affidavit explaining his tactics at trial and detailing his pre-trial preparation. The transcripts of the two hearings held on the motion for new trial show conclusively that the court's decision to allow the parties to introduce matters outside the record by affidavit was made at Bolden's counsel's request, to allow him to introduce evidence of trial counsel's errors, in support of his motion's claim of ineffective representation. Also Bolden's attorney had a month's notice of the Tarver affidavit filed by the state; he indicated at the second hearing, following the filing of that affidavit, that he cared to introduce nothing and wanted the court to rule on what had been filed; when he was apprised from the bench that Mr. Tarver was in the courtroom for cross examination, he indicated no desire to cross examine him.

Bolden having failed to show any reason for which a new trial should have been granted, the trial court did not abuse its discretion in overruling the motion.

Finally, the record shows that Bolden's pre-trial request to represent himself was later waived by him, and his request made after trial was granted; he represented himself after trial until he retained new counsel.

*All enumerations being without merit, the judgment is affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1976 — DECIDED SEPTEMBER 28, 1976 —

Rehearing denied October 19, 1976.

*Thomas M. Strickland,* for appellant.
*John T. Strauss, District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn,* for appellee.